**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-1688**

———————————

FE MAGTOTO TIATCO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.  (A76-435-330)

———————————

Submitted:  August 20, 2007          Decided:  September 13, 2007

———————————

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

———————————

Petition dismissed in part and denied in part by unpublished per curiam opinion.

———————————

Jim Tom Haynes, JIM TOM HAYNES, P.C., Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Gladys M. Steffens-Guzman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fe Magtoto Tiatco, a native and citizen of the Philippines, petitions for review of a decision of the Board of Immigration Appeals ("Board") affirming the immigration judge's order denying cancellation of removal under 8 U.S.C.A. § 1229b(b) (West 2005 & Supp. 2007), and ordering Tiatco's removal. We deny the petition for review.

Under 8 U.S.C.A. § 1252(a)(2)(B)(i) (West 2005), this court has no jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b . . . of this title." In view of these statutory limitations, we lack jurisdiction to review the Board's determination that Tiatco failed to establish "exceptional and extremely unusual hardship" to her mother. See Barco-Sandoval v. Gonzales, __ F.3d __, __, 2007 WL 2189132, at *3-*4 (2d Cir. 2007); Martinez-Maldonado v. Gonzales, 437 F.3d 679, 682 (7th Cir. 2006); Martinez-Rosas v. Gonzales, 424 F.3d 926, 929-30 (9th Cir. 2005). The petition for review is dismissed as to this claim.

An exception to section 1252(a)(2)(B)(i)'s jurisdictional ban exists for "constitutional claims or questions of law," 8 U.S.C.A. § 1252(a)(2)(D) (West 2005), "arising from the agency's decision to deny discretionary relief." Jean v. Gonzales, 435 F.3d 475, 480 (4th Cir. 2006). Tiatco asserts that the immigration judge's denial of a continuance to allow her to arrange for her

mother's presence at the hearing violated her constitutionally protected due process rights. An alien must be given "an opportunity to be heard at a meaningful time and in a meaningful manner, i.e., [to] receive a full and fair hearing on [her] claims." Rusu v. INS, 296 F.3d 316, 321-22 (4th Cir. 2002). An alien must establish not only that a violation occurred but also that she suffered prejudice from the violation. Id. at 320. Prejudice requires that the violation was likely to affect the results of the hearing. Jean, 435 F.3d at 484. Having reviewed the administrative record in this case, we conclude that Tiatco did not establish that the immigration judge's denial of a continuance denied her due process. The petition for review is denied as to this claim.

Accordingly, we dismiss in part and deny in part Tiatco's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART

- 3 -